**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**RECO MANNING** **PLAINTIFF**

**v.** **No: 4:26-cv-00681-JM-PSH**

**DUB BRASSELL ADULT
DETENTION CENTER** **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Reco Manning, a pretrial detainee at the W.C. Brassell Adult Detention Center, filed this *pro se* 42 U.S.C. § 1983 action (Doc. No. 1). At the Court's direction, he filed an amended complaint to narrow and clarify his claims. *See* Doc. Nos. 12-13. Manning was warned that an amended complaint would render

his original complaint without legal effect, and only claims properly set out in the amended complaint would be allowed to proceed. Doc. No. 12. For the reasons described below, the Court recommends the dismissal of Manning's claims.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right,

privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

In his amended complaint, Manning states that he is a pre-trial detainee. Doc. No. 13 at 3. He alleges that Jefferson County jail deputy Shiver gave him keys to unlock other inmates' doors and that Deputy Buyner similarly gave another inmate porter keys to inmates' cells. *Id.* at 4. Manning generally alleges this practice creates an unsafe environment, and that he informed other jail officials of this practice, but they did not take corrective action. *Id.*

The Court liberally construes Manning's allegations as attempting to state a Fourteenth Amendment Due Process claim based on an allegedly unsafe environment. To state a viable failure-to-protect claim, a detainee must allege there is

> . . . (1) an "objectively, sufficiently serious" deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation omitted), and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. *Id.*

*Schoelch v. Mitchell*, 625 F.3d 1041 (8th Cir. 2010). Manning describes no facts to support his contention that he has been placed in any particular danger due to this practice, and he does not allege that he has suffered any particular harm or injury as a result of this practice. The Court finds that he therefore fails to state sufficient facts to state a viable claim for relief.

## III. Conclusion

For the reasons stated herein, Manning's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

1. Manning's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 18th day of November, 2026.

UNITED STATES MAGISTRATE JUDGE